# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

MICHAEL ALONZA RUFUS, :
:
       Petitioner, :
VS. : NO. 5:19-CV-00283-MTT-MSH
:
STATE OF GEORGIA, :
:
       Respondent. :
_____ :

# **ORDER**

Petitioner Michael Alonza Rufus, an inmate most recently confined in the Calhoun State Prison in Morgan, Georgia, filed a *pro se* pleading in this Court that was docketed as a petition for federal habeas corpus relief pursuant to 28 U.S.C. § 2241 (ECF No. 1). On August 6, 2019, the United States Magistrate Judge denied Petitioner's motion for leave to proceed *in forma pauperis* and ordered him to either pay the Court's $5.00 filing fee or file a renewed motion for leave to proceed *in forma pauperis* explaining any change in circumstances that would prevent him from paying the fee. Petitioner was also ordered to recast his Petition on the Court's standard form. Petitioner was given twenty-one (21) days to comply with the Court's Order and warned that failure to comply would result in dismissal of his petition. *See generally* Order, Aug. 6, 2019, ECF No. 7.

Petitioner subsequently filed a motion to stay the state court proceedings against him and a motion to transfer his case to the Athens Division of this Court. Petitioner also sought to recuse the Magistrate Judge. On September 23, 2019, the Court denied these motions and again directed Petitioner to pay the filing fee or file a renewed motion to

proceed *in forma pauperis* and to recast his Petition on the Court's standard form. Petitioner was given twenty-one (21) days to comply and again warned that the failure to comply could result in the dismissal of his Petition. *See generally* Order, Sept. 23, 2019, ECF No. 10.

In the meantime, Plaintiff filed documents indicating that his mailing address had changed and that he had not received the Court's recent orders. As such, the Clerk was directed to re-send the Court's September 23, 2019 Order and the applicable forms to Petitioner's most current mailing address, and Petitioner was given an additional twenty-one (21) days to comply with the Court's previous orders and instructions. *See generally* Order, Oct. 23, 2019, ECF No. 13.

Petitioner responded by filing a "Notice of Due Process Violation & Fraud" in which he appeared to argue the validity of his Petition and protest the Court's previous orders requiring him to recast his pleadings on the Court's standard form (ECF No. 14). Petitioner did not, however, pay the filing fee in this case, file a renewed motion for leave to proceed *in forma pauperis*, or recast his Petition on the Court's standard form, as previously directed. Accordingly, the Magistrate Judge ordered Petitioner to respond and show cause why his lawsuit should not be dismissed for failure to comply with the Court's orders. Petitioner's response was due within twenty-one (21) days of the date of the Order, and Petitioner was again advised that failure to respond would result in dismissal of his petition. Order, Jan. 2, 2020, ECF No. 15.

The time for compliance has passed without a response from Petitioner.

Petitioner's failure to pay the required filing fee and to fully and timely comply with the Court's orders and instructions is grounds for dismissal of his case. *See* Fed. R. Civ. P. 41; *see also Slack v. McDaniel*, 529 U.S. 473, 489 (2000) (noting that the failure to comply with a court order is grounds for dismissal in a habeas case). Petitioner's petition shall therefore be **DISMISSED without prejudice** and his motion to transfer his case to the Athens Division (ECF No. 9) is **DENIED as moot.**

Petitioner also has no absolute entitlement to appeal this dismissal. Before he may appeal, the district court must first issue a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2254, Rule 11(a); *Sawyer v. Holder*, 326 F.3d 1363, 1364 n.3 (11th Cir. 2003) (noting that state prisoner proceeding under § 2241 must obtain a COA to appeal); *see also Reedman v. Thomas*, 305 F. App'x 544, 545 (11th Cir. 2008) (per curiam) (granting COA on issue of whether habeas petition was properly dismissed for failure to comply with court order). When, as here, "the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," a COA will not be issued unless the prisoner can show, at least, "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 478. Reasonable jurists could not find that a dismissal of the instant action for Petitioner's repeated failure to comply with the Court's orders was debatable or wrong. *See Knox v. Morgan*, 457 F. App'x 777, 779 (10th Cir. 2012) (denying COA where district court dismissed habeas

petition without prejudice for failing to comply with court orders). Petitioner is accordingly **DENIED** a COA. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam) (approving denial of COA before movant filed a notice of appeal).

**SO ORDERED**, this 4th day of February, 2020.

S/ Marc T. Treadwell<br>
MARC T. TREADWELL, JUDGE<br>
UNITED STATES DISTRICT COURT