IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| MICHAEL ALONZA RUFUS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:19-cv-283 (MTT) |
| | ) |
| STATE OF GEORGIA, | ) |
| | ) |
| Respondent. | ) |

## ORDER

Petitioner Michael Alonza Rufus moves to appeal in forma pauperis.  Doc. 26.

Applications to appeal in forma pauperis are governed by 28 U.S.C. § 1915 and Fed. R. App. P. 24.  28 U.S.C. § 1915 provides:

> (a)(1) [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.  Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
> . . .
> (3) An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

Similarly, Fed. R. App. P. 24(a) provides:

> (1) [A] party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court.  The party must attach an affidavit that:
>
> (A) shows . . . the party's inability to pay or to give security for fees and costs;
> (B) claims an entitlement to redress; and
> (C) states the issues that the party intends to present on appeal.

-2-

(2) If the district court denies the motion, it must state its reasons in writing.

The Court, therefore, must make two determinations when faced with an application to proceed in forma pauperis.  First, it must determine whether the plaintiff is financially able to pay the filing fee required for an appeal.  Rufus states that his only asset is "a 2005 mobile home" and that he has no income.  Doc. 26 at 1.  However, Rufus has not submitted a copy of his trust fund account statement, so the Court cannot assess whether he is unable to pay the filing fee.[1]

The Court therefore **ORDERS** Rufus to supplement his motion to provide his financial information and explain his issues on appeal no later than **FOURTEEN (14)** days from the date of this Order.  The Clerk is **DIRECTED** to mail Rufus a copy of the standard form motion to appeal in forma pauperis that he may use for this purpose.  Failure to timely comply with this Order may result in denial of Rufus's motion.

**SO ORDERED**, this 3rd day of September, 2020.

                                                 S/ Marc T. Treadwell
                                                 MARC T. TREADWELL, CHIEF JUDGE
                                                 UNITED STATES DISTRICT COURT

---

[1] Further, the record casts doubt on Rufus's statement that he has no other assets and no income.  In denying Rufus's motion to proceed IFP with his § 2241 petition, the Magistrate Judge noted that "Petitioner's prison trust account certification form reveals that that he has had an average monthly balance of $97.16 in his account over the last six months with regular deposits, including a $50.00 deposit less than two weeks before he filed this action."  Doc. 7 at 1.  The Court later noted that "Petitioner has failed to provide any information regarding the debits from his account so that the Court can verify the nature of any of his expenditures."  Doc. 10 at 3.  Rufus never did "submit a proper and complete renewed motion for leave to proceed in forma pauperis," so the Court dismissed his case.  Docs. 15 at 1; 16.