IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| MICHAEL ALONZA RUFUS, | ) |
| Petitioner, | ) |
| v. | ) CIVIL ACTION NO. 5:19-cv-283 (MTT) |
| STATE OF GEORGIA, | ) |
| Respondent. | ) |

### ORDER

Petitioner Michael Alonza Rufus filed an amended motion to appeal in forma pauperis. Doc. 28. Applications to appeal in forma pauperis are governed by 28 U.S.C. § 1915 and Fed. R. App. P. 24. 28 U.S.C. § 1915 provides:

> (a)(1) [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
> . . .
> (3) An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

Similarly, Fed. R. App. P. 24(a) provides:

> (1) [A] party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
>
> > (A) shows . . . the party's inability to pay or to give security for fees and costs;
> > (B) claims an entitlement to redress; and
> > (C) states the issues that the party intends to present on appeal.

(2) If the district court denies the motion, it must state its reasons in writing.

The Court, therefore, must make two determinations when faced with an application to proceed in forma pauperis.  First, it must determine whether the plaintiff is financially able to pay the filing fee required for an appeal.  Rufus states that his only asset is "a 2005 mobile home" and that he has no income.  Doc. 28 at 2-3, 5.  Based on that affidavit, the Court finds Rufus has adequately demonstrated he is unable to pay the $505.00 appellate filing fee.

Next, the Court must determine if the petitioner has satisfied the good faith requirement.  "'[G]ood faith' . . . must be judged by an objective standard." *Coppedge v. United States*, 369 U.S. 438, 445 (1962).  The petitioner demonstrates good faith when he seeks review of a non-frivolous issue. *Id.*; *Morris v. Ross*, 664 F.2d 1032, 1033 (11th Cir. 1981).  An issue "is frivolous if it is 'without arguable merit either in law or fact.'" *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002).  "Arguable means being capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (quotation marks and citations omitted); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) ("[A] case is frivolous . . . when it appears the petitioner 'has little or no chance of success.'") (citations omitted).  "In deciding whether an [in forma pauperis] appeal is frivolous, a district court determines whether there is 'a factual and legal basis . . . for the asserted wrong, however inartfully pleaded.'" *Sun*, 939 F.2d at 925 (citations omitted).

Rufus stated the issues he intends to pursue on appeal, but the Court is unable to make sense of his arguments.  Doc. 28 at 1.   Rufus may be arguing that under

O.C.G.A. § 50-2-21, it is unlawful for the Court to treat prisoners and nonprisoners differently, because everyone, including Rufus, is a "denizen." *Id*. Or perhaps he means to argue the Court "attempted [to] conver[t] . . . its jurisdiction against Rufus as a 'prisoner'" to improperly "universally exercise jurisdiction over [him] as a 'denizen[.]'" *Id*. In any event, he claims the Court "failed to address [his] claims involving the unconstitutional custom of universality." *Id*.

Reviewing Rufus's statement of issues for appeal, the Court cannot find any issues of arguable merit. In August 2019—over a year ago—the Magistrate Judge ordered Rufus to recast his Petition on the Court's standard form and to pay the $5.00 filing fee or explain why he was unable to do so. Doc. 7. Although he has filed many documents since then, he never recast his petition or showed why he is unable to pay the $5.00 filing fee.[1] Whatever the nature of Rufus's arguments about "denizens" and "the unconstitutional custom of universality," those arguments have no impact on Rufus's refusal to recast his petition and refusal to pay the $5.00 filing fee or show why he is unable to pay that filing fee.

Accordingly, there are no issues with arguable merit for Rufus to raise on appeal, and the appeal, therefore, is not taken in good faith. Consequently, Rufus's motion to appeal in forma pauperis (Docs. 26; 28) is **DENIED**.

**SO ORDERED**, this 23rd day of September, 2020.

S/ Marc T. Treadwell<br>
MARC T. TREADWELL, CHIEF JUDGE<br>
UNITED STATES DISTRICT COURT

---

[1] Although the Court determined Rufus is unable to pay the $505.00 filing fee for an appeal, his latest filings provide no indication he is unable to pay the $5.00 filing fee for the original action. Further, his prison trust account statement at the time of the original filing indicated he had an average monthly balance of $97.16, and he has not updated that statement.