IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **MICHAEL ALONZA RUFUS,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:19-CV-283 (MTT) |
| | ) |
| **STATE OF GEORGIA,** | ) |
| | ) |
| Respondent. | ) |

**ORDER**

The Court construes Petitioner Michael Alonza Rufus's notice of appeal (Doc. 23) as an application for a certificate of appealability to appeal the Court's denial (Doc. 22) of his motion for relief under Federal Rule of Civil Procedure 60(b) (Doc. 19). For the following reasons, that application is **DENIED**.

**I. BACKGROUND**

On February 4, 2020, the Court dismissed Petitioner's 28 U.S.C. § 2241 petition without prejudice for failure to pay the filing fee and follow the Court's instructions. Doc. 16. The Court also declined to issue a COA. *Id*. at 3-4.

Petitioner moved for relief from judgment pursuant to Rule 60(b) on March 16, 2020. Doc. 19. Petitioner argued that relief under Rule 60(b) was appropriate due to the alleged "unconstitutional participation of judges whom has [sic] a pecuniary interest in the outcome of this case[.]" *Id*. at 1-2. He argued that the Magistrate Judge and District Judge assigned to this case are "members of the State Bar of Georgia" and have "violated their obligations and duties to their clients and the people." *Id*. at 4-6 (citations omitted).

Petitioner also appeared to contend that the Court lacks jurisdiction because he is "denizen"—not a citizen. *Id.* at 2-6.

The United States Magistrate Judge recommended that Petitioner's Rule 60(b) motion be denied, and Petitioner objected. Docs. 20; 21. The Court reviewed de novo the portions of the Recommendation to which Petitioner objected. Doc. 22. After review, the Court accepted and adopted the findings, conclusions, and recommendations of the Magistrate Judge and denied Petitioner's Rule 60(b) motion. *Id.*

Petitioner filed a notice of appeal. Doc. 23. Although the Court denied a COA when it dismissed Petitioner's § 2241 petition, it did not deny a COA regarding the denial of Petitioner's Rule 60(b) motion.

## II. DISCUSSION

The Eleventh Circuit Court of Appeals has mandated that the Court construe a habeas petitioner's notice of appeal as an application for a certificate of appealability pursuant to 28 U.S.C. § 2253(c). *Edwards v. United States*, 114 F.3d 1083 (11th Cir. 1997). Thus, the Court treats Petitioner's notice of appeal (Doc. 23) as a motion for a COA to appeal the denial of his Rule 60(b) motion.

For reasons already stated in the Court's February 4, 2020 order dismissing Petitioner's action and denying a COA, reasonable jurists could not find that the Court's dismissal of Petitioner's action for his repeated failure to comply with the Court's orders was debatable or wrong. Doc. 16 at 3-4; *Slack v. McDaniel*, 529 U.S. 473, 478 (2000) (stating that when "the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," a COA will not be issued unless the prisoner can show, "that jurists of reason would find it debatable whether the

petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling").

"[T]he district court's holding that [Petitioner] failed to demonstrate that he was entitled to have his judgment reopened under Rule 60(b)[] is a procedural ruling." *Lambrix v. Sec'y, Fla. Dep't of Corr.*, 851 F.3d 1158, 1169 (11th Cir. 2017) (citations omitted). Thus, Petitioner "must demonstrate that a procedural ruling barring relief is itself debatable among jurists of reason; otherwise, the appeal would not deserve encouragement to proceed further." *Id.* (internal quotation marks and citations omitted). Additionally, district courts have wide discretion regarding whether to grant relief under Rule 60(b) and "'Rule 60(b) proceedings are subject to only limited and deferential appellate review.'" *Id.* at 1170 (citation omitted). Thus, when a petitioner seeks a COA after the Court's denial of a Rule 60(b) motion, "'the COA question is … whether a reasonable jurist could conclude that the District Court abused its discretion in declining to reopen the judgment.'" *Id.* For reasons fully stated in the March 30, 2020 Recommendation (Doc. 20) and the Court's May 20, 2020 order (Doc. 22), no reasonable jurist could "conclude the District Court abused its discretion in declining to reopen the judgment." *Lambrix*, 851 F.3d at 1170.

Accordingly, Petitioner's notice of appeal (Doc. 23) is treated as an application for a COA, and that application is **DENIED**.

**SO ORDERED**, this 9th day of February, 2021.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
